UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SILVIA JENKINS,

                                   Plaintiff,

    vs.                                                     5:05-CV-1457
                                                                         (S.J. Scullin)

ONONDAGA SHERIFFS' DEP'T,

                                   Defendant.
_____

APPEARANCES:                                       OF COUNSEL:

SILVIA JENKINS
Plaintiffs Pro Se

ANTHONY RIVIZZIGNO                        CAROL L. RHINEHART
Onondaga County Attorney                     Deputy County Attorney

GUSTAVE J. DI BIANCO, Magistrate Judge

## REPORT-RECOMMENDATION

      Plaintiff filed this civil rights complaint on November 21, 2005. (Dkt. No. 1). Plaintiff alleges that she was the victim of excessive force on July 12, 2005 in the booking area of the Onondaga County Justice Center. On December 14, 2005, I issued an order, granting plaintiff's request for *in forma pauperis* status, requiring the Clerk of the Court to issue a summons and forward it, together with a copy of the complaint and a General Order 25 packet, to the Marshal for service on defendant. (Dkt. No. 5).

      In the order, although I allowed the case to proceed against Onondaga County Sheriffs' Department, I noted that if plaintiff sought to add individual defendants, she would have ascertain the identities of the defendants and then amend her complaint to add those individuals. Plaintiff stated in the complaint that she did not know the identities of the officers that allegedly subjected her to excessive force. Some limited

discovery could assist plaintiff in making this determination.

Although defendant had not been served, the FED. R. CIV. P. 16 conference was initially scheduled for February 1, 2006. Even though the date of the conference appeared in the Civil Case Management form, I issued a separate written order, specifically reminding plaintiff of the date, time, and location of the conference. (Dkt. No. 8). On December 23, 2005, plaintiff filed a proposed Case Management Plan even though no defense counsel had filed a notice of appearance. (Dkt. No. 7). My order also stated that if plaintiff wished an adjournment of the hearing, she would be required to inform the court in advance. *Id.*

Plaintiff *did not appear* for the February 1, 2006 conference, nor did she request an adjournment. The court issued an order rescheduling the conference for February 28, 2006. (Dkt. No. 9). Plaintiff was informed that if she wished an adjournment of the conference, she would have to let the court know by February 15, 2006. Plaintiff *did not appear* for the February 28, 2006 conference, and she did not request an adjournment of the date. On February 23, 2006, an Acknowledgment of Service was filed by defendant. (Dkt. No. 10). Defendant filed an answer on March 2, 2006. (Dkt. No. 12).

After plaintiff's failure to appear the second time, I issued an order, dated March 16, 2006, outlining the law relative to failure to prosecute. (Dkt. No. 13). In that order, I gave plaintiff another chance to appear for a Rule 16 conference in this case. I scheduled an in-person conference for March 30, 2006. I also specifically and clearly warned plaintiff that her failure to appear without properly requesting an extension of time by March 27, 2006 would result in my recommending dismissal to

Senior Judge Frederick J. Scullin, Jr. (Dkt. No. 13 at 4). Plaintiff failed to appear on March 30, 2006 and failed to contact the court to request an adjournment of the conference.

## DISCUSSION

As stated in my March 16, order, Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute the action, or comply with any order of the court. *Dansby v. Albany County Correctional Facility Staff*, 95-CV-1525, 1996 WL 172699 (N.D.N.Y. April 10, 1996)(citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962)). The Second Circuit has held that generally, a determination of whether to dismiss for failure to prosecute involves a consideration of whether plaintiff's failure caused a delay of considerable duration; whether plaintiff was given notice that further delay would result in dismissal, and whether defendants will be prejudiced by further delay. *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

The court must also carefully balance the need to alleviate court congestion with plaintiff's right to have his or her day in court, and the court must consider the efficacy of lesser sanctions. *Id.* Dismissal is a harsh remedy to be utilized only in "extreme situations." *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993). Finally, the party in question, particularly a *pro se* litigant, must have had prior notice that violation of the court's order would result in dismissal. *Simmons v. Abruzzo*, 49 F.3d 83, 88 (2d Cir. 1995).

In this case, plaintiff has now disobeyed **three** court orders to appear for a scheduling conference, and she has been **specifically warned** that the third failure to

appear would result in a recommendation of dismissal.  Although the delay resulting from this failure has not yet been considerable, nor has it caused prejudice to defendant since there was no notice of appearance by defense counsel until March 2, 2006 when defendant filed an answer, it appears that plaintiff has no further interest in pursuing this action.  She has failed to appear three times, and she has not contacted the court to reschedule the conference.  Even though dismissal is harsh remedy, since plaintiff has *refused to participate* in this action, the court cannot impose any sanction other than dismissal. Thus, at this time, the court *will issue a recommendation of dismissal* based on failure to prosecute.

**WHEREFORE**, based on the above, it is

**RECOMMENDED**, that the complaint in this action be **DISMISSED FOR FAILURE TO PROSECUTE** pursuant to FED. R. CIV. P. 41(b).

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: March 31, 2006

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge